FILED
AUG 0 2 2022
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

TWL

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:22-CR-96

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL INFORMATION |
| ) | |
| SHAWN EDWARD GOOD ) | |

The United States Attorney charges that:

## INTRODUCTION

At all times relevant to this Criminal Information:

1. Morgan Stanley Smith Barney, LLC ("Morgan Stanley") was a registered broker-dealer and investment advisor headquartered in Purchase, New York.

2. Shawn Edward Good was employed as a registered representative and investment advisor for Morgan Stanley in Wilmington, North Carolina.

## COUNT ONE

3. Paragraphs 1 through 2 of this Criminal Information are re-alleged and incorporated by reference as though fully set forth herein.

4. Beginning at a date unknown, but not later than 2012, and continuing through February 2022, in the Eastern District of North Carolina and elsewhere, the defendant, SHAWN EDWARD GOOD, knowingly devised and intended to devise a

scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

## Manner and Means

5. It was a part of the scheme and artifice that Good executed a Ponzi scheme against victims who were Good's clients at Morgan Stanley.

6. It was further a part of the scheme and artifice that Good solicited victims to invest in purported real estate development projects and tax-free municipal bonds, which Good described as being low-risk investments that paid returns of between 6% and 10% over three-month or six-month terms.

7. It was further a part of the scheme and artifice that, to fund these investments, Good caused some clients to obtain a liquid asset line of credit ("LAL") secured by their existing investment accounts.

8. It was further a part of the scheme and artifice that victims relied on Good's fraudulent representations and sent, by interstate wire, payments to Good's personal banking accounts.

9. It was further a part of the scheme and artifice that Good raised at least $7,246,300 from victims.

10. It was further a part of the scheme and artifice that Good did not use the victims' funds to invest in real estate or municipal bonds as promised; rather, Good converted the funds to personal use and used new investor funds to repay earlier investors.

## Use of the Wires

11. For the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, on or about October 1, 2019, in the Eastern District of North Carolina and elsewhere, the defendant, SHAWN EDWARD GOOD, did transmit and cause to be transmitted by means of wire communication, in interstate and foreign commerce, writings, signs, pictures and sounds, to wit: an electronic funds transfer in the amount of $100,000.00 from a Wells Fargo Bank account belonging to the Jacobsen Family Revocable Living Trust to a Corning Federal Credit Union account belonging to the defendant.

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWO

12. Paragraphs 1 through 10 of this Criminal Information are re-alleged and incorporated by reference as though fully set forth herein

13. On or about October 1, 2019, within the Eastern District of North Carolina and elsewhere, the defendant, SHAWN EDWARD GOOD, did knowingly engage and attempt to engage in a monetary transaction, by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, by transferring or causing to be transferred $99,000 in U.S. currency from a Corning Federal Credit Union account controlled by SHAWN EDWARD GOOD, to a City National Bank account for the benefit of Town and Country Title Guarantee, such property having been derived from specified

unlawful activity, that is, wire fraud, as alleged in Count One of this Criminal Information.

All in violation of Title 18, United States Code, Section 1957(a).

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any offense charged herein constituting "specified unlawful activity" (as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)), or a conspiracy to commit such offense, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), as made applicable by 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the said offense.

Upon conviction of any violation of 18 U.S.C. §§ 1956, 1957 or 1960 charged herein, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

The forfeitable property includes, but is not limited to, the following:

Forfeiture Money Judgment:

a) A sum of money representing the gross proceeds of the offense(s) charged herein against SHAWN EDWARD GOOD, in the amount of at least $3,249,747.75

Real Property:

b) Real property having the physical address of 2717 Shandy Lane, Wrightsville Beach, New Hanover County, North Carolina 28409, including any and all appurtenances and improvements thereto, being titled to Shawn E. Good, and legally described in deed book 6072, page 593 of the New Hanover County Registry, North Carolina, and any and all proceeds from the sale of said property.

c) Real property having the physical address of 1439 S. Ocean Blvd., Apt. 206, Pompano Beach, Broward County, Florida 33062, including all improvements thereon and appurtenances thereto, being leased to Shawn E. Good and legally described in Instrument # 116091858 recorded in the Official Records of Broward County, Florida, and any and all proceeds from the sale of said property.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

This the 2nd day of August, 2022.

MICHAEL F. EASLEY, JR.
United States Attorney

BY: TOBY W. LATHAN
Assistant United States Attorney
Criminal Division